UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PETER M. GELSOMINO, #172437,

                                        Plaintiff,

        -against-

MEDICAL AND PSYCH. DEPT. AT SUFFOLK
COUNTY CORR. FACILITY, MARTHA
(PSYCHIATRIST), SHERIFF'S DEPT., DEPT. OF
CORR. SERVICES, SUFFOLK COUNTY N.Y.,
SUFFOLK COUNTY DEPT. OF MENTAL HEALTH,
SUFFOLK COUNTY CORRECTIONAL FACILITY,

                                        Defendants.
------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  **MAY 20 2013**  ★

**LONG ISLAND OFFICE**

**ORDER**
13-CV-1433 (SJF)(WDW)

FEUERSTEIN, District Judge:

I.      Introduction

        On March 11, 2013, incarcerated *pro se* plaintiff Peter M. Gelsomino ("plaintiff") filed a

civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against

defendants, the Medical and Psychiatric Department at Suffolk County Correctional Facility (the

"SCCF Medical Department"), Martha, a psychiatrist, ("Martha"), the Sheriff's Department, the

Department of Correctional Services ("DOCS"), Suffolk County, New York ("the County"), the

Suffolk County Department of Mental Health (the "SCDMH") and the Suffolk County

Correctional Facility (the "SCCF") (collectively, "defendants"), accompanied by an application

to proceed *in forma pauperis*. By letter dated March 19, 2013, plaintiff was notified that his

complaint was deficient because it was not accompanied by a Prisoner Authorization Form. On

April 2, 2013, the Court received plaintiff's Prisoner Authorization Form, together with a second

application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his

declarations in support of the applications to proceed *in forma pauperis*, qualifies him to

commence this action without the prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the applications to proceed *in forma pauperis* are granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

II.     The Complaint

Plaintiff alleges that he was arrested on February 4, 2013 and placed in the SCCF on February 5, 2013. (Compl., ¶ IV). According to plaintiff, several weeks prior to this arrest, he had been diagnosed with "manic hyper/hypo bi-polar disorder" and was prescribed Limintal [sic], Ramron [sic] and Abilify "which rectified [his] psychiatric disorder intensly [sic], allowing [him] to function normally again." (Id.) Plaintiff alleges that although he arrived at the SCCF with all of his prescribed medications, "they not only refused to distribute [his] meds to [him] * * *, but also refused all of [his] numerous requests to see a psychiatrist to explain [his] situation to them." (Id.) Nonetheless, plaintiff claims that he saw Martha, a psychiatrist "who has known [him] for years," on February 22, 2013. (Id.) According to plaintiff, Martha told him "that there was no way she was going to put [him] back on [his] 3 psychiatric medications" and instead she prescribed him "a pill called Trazadone [sic]." (Id.) Plaintiff further alleges that "they" have "cut [him] off of [his] prescribed Adivan 2 mg to stabalize [sic] [his] seizure disorder and [his] angina * * *." (Id.) Plaintiff seeks damages in an unspecified amount for "unnessisary [sic] cruel and unusual punishment resulting in weeks of physical, emotional and mental torture, pain, anguish, agony and suffering from their (medical staff) grossly inaccurate diagnosis and dispension [sic] of medications for [his] mental psychiatric diagnosis and disorder." (Id., at ¶ V).

-2-

III.    Discussion

A.    Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i-iii). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are obliged to read *pro se* complaints plaintiff liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint."  Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quotations and citations omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied, 133 S. Ct.

-3-

846, 184 L. Ed. 2d 655 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more that a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).


B.      Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012)

1.    Claims Against the SCCF Medical Department, the Sheriff's Department, DOCS, the SCDMH and the SCCF

"Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002); see also Robischung-Walsh v. Nassau County Police Dep't, 699 F. Supp.2d 563, 565 (E.D.N.Y. 2010, aff'd, 421 F. App'x. 38 (2d Cir. 2011). Since the SCCF Medical Department, the Sheriff's Department, DOCS, the SCDMH and the SCCF are all administrative arms of the County of Suffolk, they lack the capacity to be sued. See, e.g., Wiggins v. Suffolk County Correctional Facility, No. 13-cv-0569, 2013 WL 1833260, at * 4 (E.D.N.Y. May 1, 2013) (SCCF and SCCF Medical Unit); Padilla v. Westchester County, No. 12 Civ. 289, 2012 WL 690641, at * 1 (S.D.N.Y. Mar. 2, 2012) (County Department of Correction); Cavalea v. Dr. Jane, No. 10-cv-4602, 2011 WL 795891, at * 3 (E.D.N.Y. Feb. 28, 2011) (Suffolk County Sheriff's Office and Suffolk County Department of Health Services). Accordingly, the complaint is dismissed in its entirety with prejudice as against the SCCF Medical Department, the Sheriff's Department, DOCS, the SCDMH and the SCCF, particularly since plaintiff has named the County as a defendant in this action.


2.    Claims against the County

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on

a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447,452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691,98 S. Ct. 2018)); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S.Ct. 1741, 182 L.Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359.

In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the

-6-

policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Santos v. New York City, 847 F. Supp.2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Id. Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed that caused the conduct of which plaintiff complains, it fails to state a plausible Section 1983 claim against the County. See Murray v. Johnson No. 260, 367 F. App'x 196, 197 (2d Cir. 2010) (summary order) (affirming dismissal of the plaintiff's deliberate indifference claim against the municipality where the plaintiff failed to show an official policy or directive that caused the medical staff or prison guards unreasonably to act). Accordingly, the complaint is dismissed in its entirety as against the County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.


### 3. Claims against Martha

Since plaintiff is a pretrial detainee held in state custody, his claim of deliberate

indifference to his medical needs is analyzed under the Due Process Clause of the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). "[T]he standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment as it is under the Eighth Amendment." Id. at 70-71, 72.

A claim for deliberate indifference to medical needs has both an objective and subjective component. See Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011); Hill, 657 F.3d at 122. Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill, 657 F.3d at 122 (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1) whether the inmate was "actually deprived of adequate medical care," i.e., whether the prison officials acted reasonably in response to the inmate's medical needs; and (2) "whether the inadequacy in medical care [was] sufficiently serious," i.e., how the challenged conduct was inadequate and what harm, if any, the inadequacy has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and * * * was both aware of facts from which the inference could be

drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)).

Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Estelle, 429 U.S. at 106, 97 S.Ct. 285 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim * * * under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Hill, 657 F.3d at 123 ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness– an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." (quotations and citation omitted)); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("'Deliberate indifference' describes a mental state more blameworthy than negligence * * * [and] is a state of mind that is the equivalent of criminal recklessness. * * * A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act * * * that evinces a conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)).

Moreover, "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." Hill, 657 F.3d at 123; see also Hanrahan v. Mennon, 470 Fed. Appx. 32, 33 (2d Cir. May 18, 2012) (summary order). "[M]ere disagreement over the proper treatment does not create a constitutional claim." Hill, 657 F.3d at 123 (quoting Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)); see also Allah v. Michael, No. 11-1475-pr, 2012 WL 6633977, at * 2 (2d Cir. Dec. 21, 2012) (summary order). "[T]he essential test is one of medical necessity and not one simply of desirability." Hill, 657 F.3d at 123 (quoting Dean v. Coughlin, 804 F.2d 207,

215 (2d Cir. 1986)).

The complaint does not state a plausible claim against Martha premised upon a deliberate indifference to medical needs theory because, *inter alia*, there are no factual allegations to support a reasonable inference that Martha acted with the requisite state of mind, i.e., that in prescribing plaintiff, whom she has known "for years," different medication than he had previously been described based upon her own diagnosis of him, she knew of and disregarded an excessive risk to plaintiff's health or safety.[1] See, e.g. Bolden v. City of Sullivan, No. 11-4337, 2013 WL 1859231, at * 2 (2d Cir. May 6, 2013) (summary order) (affirming summary judgment where the plaintiff "simply disagree[d] with the medical judgment of the County Jail medical staff regarding the proper course of treatment during her incarceration."); Hill, 657 F.3d at 123 ("Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking."); Hernandez, 341 F.3d at 146-47 (holding that an issue of medical judgment, i.e., whether or not to provide specific treatment, "cannot form the basis of a deliberate indifference claim."); Fox v. Fischer, 242 Fed. Appx. 759, 760 (2d Cir. July 20, 2007) (summary order) (holding that the plaintiff's allegations that the treatment he received while incarcerated was insufficient and ineffective was, at best, a medical malpractice claim insufficient to state a constitutional violation); Palacio v. Ocasio, No. 02 Civ. 6726, 2006 WL 2372250, at * 11 (S.D.N.Y. Aug. 11, 2006), aff'd, 345 Fed. Appx. 668 (2d Cir. Sept. 14, 2009) (holding that "a disagreement over the proper treatment," i.e., a challenge to the adequacy of the medication given

---

[1] Although plaintiff states that his seizure and angina medication was also not dispensed to him, he does not identify anyone who was personally involved in that conduct, i.e., who was responsible for dispensing such medication, nor does he allege that he has had any medical episodes or harm as a result of the failure to take such medication; that he ever sought treatment for seizures or angina while incarcerated at the NCCF; or that he attempted to resolve the issues regarding such medication.

to treat the plaintiff's pain, does not support a constitutional claim). Accordingly, plaintiff's complaint is *sua sponte* dismissed as against Martha pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim for relief.

C.      Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008), "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411,416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, plaintiff is granted leave to amend his complaint to cure the pleading deficiencies noted herein with respect to his claims against the County and Martha, and any other individual personally involved in any of the conduct challenged in the complaint, **provided that any such amended complaint is filed on or before June 24, 2013, or the complaint will be deemed dismissed in its entirety with prejudice and judgment shall enter in favor of defendants.** The amended complaint must be titled "amended complaint" and bear the same docket number as this order, and it shall be reviewed pursuant to 28 U.S.C. § 1915A. Since any amended complaint will supercede the

original complaint, the amended complaint must include all claims and allegations plaintiff wishes to pursue against the County, Martha and any other individual personally involved in the alleged constitutional violations of which plaintiff complains.

IV.    Conclusion

For the foregoing reasons, plaintiff's applications to proceed *in forma pauperis* are granted but the complaint as against the SCCF Medical Department, the Sheriff's Department, DOCS, the SCDMH and the SCCF is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and the complaint as against the County and Martha is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), **provided that an amended complaint is filed in accordance with this order on or before June 24, 2013, or the complaint will be deemed dismissed in its entirety with prejudice and judgment shall enter in favor of defendants.** No summonses shall issue at this time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 20 , 2013
         Central Islip, New York